**Paul G. STEPHAN and Jane A. Stephan, Petitioners, Appellants,**

v.

**STATE TAX COMMISSIONER, Respondent, Appellee.**

Superior Court of Delaware, New Castle.

April 23, 1968.

Paul G. Stephan and Jane A. Stephan, pro se.

Edward J. Wilson, Wilmington, for respondent, appellee.

## OPINION

WRIGHT, Judge.

This is an appeal from a ruling of the State Tax Commissioner.

The appellants, who are husband and wife, are residents of the State of Pennsylvania. The husband is employed in Delaware.

Under certain of the provisions of Title 30 of the Delaware Code the appellants are required to pay a tax on that portion of their income earned in Delaware.

The appellants claim that those portions of Title 30 of the Delaware Code are unconstitutional unless they are permitted to reduce their tax liability by a percentage computed by relating those amounts in the Delaware State budget earmarked for services not available to non-residents to the total operating budget of the State. The appellants' position was rejected by the State Tax Commissioner.

■ The appellants overlook the fact that what is taxed here is property not people. The imposition of the tax by the State is an act of sovereignty.

The property upon which the tax is imposed in this case is created with the permission and under the protection of the State. No further justification for the imposition of the tax is required.

There is no real contention that the tax is discriminatory as that term is used in the legal sense. No distinction is made between the property of the appellants and the property of others created within the State.

■ I do not find that the tax violates any State or Federal Constitutional provision.

In support of the above principles and the result reached see; Shaffer v. Carter, 252 U.S. 37, 40 S.Ct. 221, 64 L.Ed. 445 (1920) and Travis v. Yale & Towne Manufacturing Company, 252 U.S. 60, 40 S.Ct. 228, 64 L.Ed. 460 (1920).

The ruling of the State Tax Commissioner is affirmed.

It is so ordered.