**Paul G. STEPHAN and Jane A. Stephan, Petitioners, Appellants,**

v.

**STATE TAX COMMISSIONER, Respondent, Appellee.**

Supreme Court of Delaware.

Aug. 5, 1968.

Reargument Denied Aug. 16, 1968.

Paul G. Stephan and Jane A. Stephan, pro se.

Edward J. Wilson, Deputy Atty. Gen., Wilmington, for respondent, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

Upon this appeal, we are required to rule on the constitutionality of the Delaware Income Tax Law[1] (30 Del.C. Ch. 11) insofar as it applies to non-residents of Delaware.

The appellants, Mr. and Mrs. Paul G. Stephan reside in Pennsylvania. Mr. Stephan is employed in Delaware and he commutes to and from his home. In filing their 1966 Delaware Income Tax Return, the appellants sought to reduce the tax to 25.2% of the amount that would be otherwise due, stating that this was being done to eliminate taxation for those State-provided services concerning which, as non-residents, they were "ineligible to receive benefits under any circumstances." The figures used by the appellants, in arriving at the factor of reduction, were based upon the 1966 report of the State Budget Director to the General Assembly. Five general categories were listed by the appellants as State benefits which they, as non-residents, could not receive: health and welfare, debt service, grants-in-aid, higher education, and public education. The appellants claimed that their taxes should be reduced in proportion to their ineligibility for such benefits and the relationship of State expenditures for such items to total State expenditures; that any other application of the State Income Tax Law renders it unconstitutional as to them.

The State Tax Commissioner denied the requested adjustment and declined to refund a portion of the taxes withheld, as requested by the appellants. The matter was reviewed by the State Tax Board which upheld the Commissioner's ruling.

---

1. A "taxable" is defined in the Delaware Income Tax Law (30 Del.C. § 1101) as follows:

" 'Taxable' means—

"(1) a natural person, including a minor, with a gross income of $600 or more, who is a resident of the State of Delaware or who has been a resident of the State at any time during the income year;

"(2) each spouse, in the case of a married couple living together with a combined gross income of $1,200 or more;

"(3) a guardian of a resident of Delaware;

"(4) an executor or administrator of a deceased resident of Delaware;

"(5) a trustee, if but only to the extent that, the net income of the trust for the income year (i) as distributed or irrevocably set aside for future distribution in whole or in part to a person who at any time during such income year was a resident of Delaware, and/or (ii) may be distributed in whole or in part to the creator of the trust upon the happening of some event or the exercise of any power which he reserved thereunder if at the time of creation of the trust and at any time during such income year he was a resident of Delaware;

"(6) any officer or employee of the State of Delaware or any political subdivision of Delaware;

"(7) every natural person who is a non-resident of this State but only to the extent that such person received income during the taxable year:

"(a) as compensation, as an employee in the conduct of the business of an employer for personal services:

"(i) rendered in this State, or

"(ii) attributable to employment in this State and not required to be performed elsewhere, or

"(b) to the extent that such person derived net profits from a profession, vocation, business, trade or commerce conducted in this State."

The rates of tax, exemptions, and deductions are substantially the same for residents and non-residents. See 30 Del. C. §§ 1111–1119.

The taxpayers appealed to the Superior Court which also affirmed the Commissioner. See 241 A.2d 516. This appeal followed.

The appellants do not question the power of the State to tax non-residents under the Income Tax Law; they contest only the "degree of taxation" imposed, asserting unfair and unreasonable discrimination against non-residents. The appellants contend that the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the Federal Constitution require a direct relationship between the tax imposed and the benefits derived. They contend that "taxes, in order to provide equality and avoid the stigma of a scheme calculated to induce inequality, must take into consideration the purposes and goals to be achieved by the use of the monies collected and not attempt to extract unfair proportions from any other class of a taxpaying group."

■ The appellants' position is without legal support. We are satisfied that, under well-established fundamental principles, the Delaware Income Tax Law complies with the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment.

■ That the State of Delaware has jurisdiction to impose a tax upon the income of non-residents arising from any business, trade, profession, or occupation carried on within its borders, and that such tax does not violate the due process of law provision of the Fourteenth Amendment, was settled by the United States Supreme Court in Shaffer v. Carter, State Auditor, 252 U.S. 37, 40 S.Ct. 221, 64 L.Ed. 445 (1920). Referring to the contention that a non-resident, although conducting a business or carrying on an occupation in a state, cannot be required through income taxation to contribute to its governmental expenses, the Court there stated:

" * * * In our system of government the states have general dominion, and saving as restricted by particular provisions of the federal Constitution, complete dominion over all persons, property, and business transaction within their borders; they assume and perform the duty of preserving and protecting all such persons, property, and business, and, in consequence have the power normally pertaining to governments to resort to all reasonable forms of taxation in order to defray the governmental expenses. Certainly they are not restricted to property taxation, nor to any particular form of excises. In well-ordered society property has value chiefly for what it is capable of producing, and the activities of mankind are devoted largely to making recurrent gains from the use and development of property, from tillage, mining, manufacture, from the employment of human skill and labor, or from a combination of some of these; gains capable of being devoted to their own support, and the surplus accumulated as an increase of capital. That the state, from whose laws property and business and industry derive the protection and security without which production and gainful occupation would be impossible, is debarred from exacting a share of those gains in the form of income taxes for the support of the government, is a proposition so wholly inconsistent with fundamental principles as to be refuted by its mere statement. That it may tax the land but not the crop, the tree but not the fruit, the mine or well but not the product, the business but not the profit derived from it, is wholly inadmissible.

* * * * * *

"And we deem it clear, upon principle as well as authority, that just as a state may impose general income taxes upon its own citizens and residents whose persons are subject to its control, it may, as a necessary consequence, levy a duty of like character, and not more onerous in its effect, upon incomes accruing to nonresidents from their property or business within the state, or their occupations carried on therein, enforcing payment, so

far as it can, by the exercise of a just control over persons and property within its borders. * * *."

And it has been held that there is no denial of due process in a taxing statute unless it is "so arbitrary as to compel the conclusion that it does not involve exertion of the taxing power, but constitutes, in substance and effect, the direct exertion of a different and forbidden power." Magnano v. Hamilton, 292 U.S. 40, 44, 54 S.Ct. 599, 78 L.Ed. 1109, (1934). The Delaware Law clearly meets such tests of due process.

 As to the claim of violation of the equal protection of the law guaranty, it cannot be said that the Statute discriminates against non-residents, either as to the measure or the enforcement of the tax. The test of equal protection of the laws is met if there is no capricious or arbitrary classification as between taxables, there being no "iron rule of equality" imposed by the Equal Protection Clause. Allied Stores of Ohio, Inc. v. Bowers, Tax Commissioner, 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480 (1959). The Delaware Law unquestionably meets that test. The Statute makes no substantial distinction between residents and non-residents, or among non-residents. If residents and non-residents are treated alike by a taxing statute, there can be no denial of equal protection; yet, it is this like treatment of which appellants actually complain.

Indeed, the appellants do not claim an arbitrary or unreasonable classification such as is usually encountered in cases in which the Equal Protection Clause is invoked. Their claim of discrimination is based solely upon the limitation of the benefits they are able to derive from the tax under the circumstances. Tax liability may not be thus apportioned according to benefits derived; such concept is wholly inconsistent with our system of taxation.

If it were otherwise, residents as well as non-residents could claim innumerable tax exemptions that would wreck the system: childless citizens could claim the right to be excused from the payment of taxes for school purposes, bed-ridden invalids from taxes for roads, affluent citizens from taxes for welfare, healthy citizens from taxes for health protection, and newcomers to the State from taxes for old debt service. The examples are limited only by the imagination.

 The Fourteenth Amendment does not require any such measure of tax liability by benefits derived. As precedent, the appellants rely upon the following language in State of Wisconsin v. J. C. Penney Co.,[2] 311 U.S. 435, 61 S.Ct. 246, 249–250, 85 L.Ed. 267 (1941):

"* * * A state is free to pursue its own fiscal policies, unembarrassed by the Constitution, if by the practical operation of a tax the state has exerted its power in relation to opportunities which it has given, to protection which it has afforded, to benefits which it has conferred by the fact of being an orderly, civilized society.

"* * * That test [of constitutionality] is whether property was taken without due process of law, or, if paraphrase we must, whether the taxing power exerted by the state bears fiscal relation to protection, opportunities and benefits given by the state. The simple but controlling question is whether the state has given anything for which it can ask return. * * *."

The general principles there expressed are unquestionable; but in their application, they cannot mean that the Fourteenth Amendment requires such individual tailoring of tax bill to benefits derived as is being sought by the appellants.

---

2. It is noteworthy that this case has been interpreted as extending state taxing authority to its "furthest extreme [by] re-moving judicial restraints on state taxing power." See 2 Wash. & Lee L.Rev. 311 (1941); 18 N.Y.U.L.Rev. 590.

**556**

The concept urged by the appellants is foreign to the Federal Income Tax system which has withstood many constitutional attacks. E. g., Brushaber v. Union P. R. Co., 240 U.S. 1, 36 S.Ct. 236, 245, 60 L.Ed. 493 (1915). It is equally inconsistent with the Delaware Income Tax System.

It may be said that the appellants' position in this case appeals to one's sense of fairness, especially because the appellants are called upon to pay a full measure of taxes in the State of their residence upon the same income. It must be remembered, however, that the issue before us is the constitutionality of the tax measure—not its fairness; and the two are not necessarily coincident. Revenue laws are notoriously not expressions of an ordered system of reason and fairness. There probably has never been a revenue statute which, by design or oversight, has not favored some group and laid the basis for a claim of unfairness to others. Lewyt Corp. v. Com'r of Int. Rev., 349 U.S. 237, 249, 75 S.Ct. 736, 99. L.Ed. 1029 (1955). Nothing is more familiar in taxation than the imposition of a tax upon a class or upon individuals who enjoy no direct benefit from its expenditure, and who are not responsible for the condition sought to be remedied thereby. Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 521–522, 57 S.Ct. 868, 81 L.Ed. 1245 (1937).

■ Our conclusions, therefore, are as follows: It is no constitutional defense to the Delaware Income Taw Law that the taxpayer is not directly benefited thereby, or is less benefited than others who pay the same tax. Compare Greenough v. Tax Assessors, 331 U.S. 486, 67 S.Ct. 1400, 91 L.Ed. 1621 (1947). And any change of

the Law to relieve non-residents of unfairness must come from the General Assembly.[3]

The judgment below is affirmed.

**3.** There have been various suggestions as to legislative remedies for any unfairnesses arising from duplication of income taxation by the states. For example, it has been suggested that the state of residence and the state of origin tax income on an equal basis. See Fisher, Toward a Theory of Personal Income Tax Jurisdiction, 33 Taxes 373 (1955). The solution adopted by many states is the allowance of a credit to resident taxpayers for income taxes paid to another state. This has been termed the "most effective device" against multi-state income taxation. See Soriano, Multi-State Taxation, 111 Univ. of Penn. L.Rev., 974, 993 (1963).